IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DIMITRIC SALTERS and A.G.
WASEEM, etc.,

      Plaintiffs,

v.                                      CASE NO.  4:14cv659-RH/CAS

BEAM SUNTORY, INC., and
MAKER'S MARK DISTILLERY,
INC., etc.,

      Defendants.

_____/

### ORDER OF DISMISSAL

The defendants manufacture Maker's Mark bourbon whiskey.  The plaintiffs are two consumers who assert they bought Maker's Mark in reliance on the statement on the Maker's Mark label that it is "handmade."  But the plaintiffs have been unable to articulate a consistent, plausible explanation of what they understood "handmade" to mean in this context.  This is understandable; nobody could believe a bourbon marketed this widely at this volume is made entirely or

predominantly by hand.  This order grants the defendant's motion to dismiss for failure to state a claim on which relief can be granted.

I

The Supreme Court has set out the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  *Bell Atlantic Corp.*, *supra*, at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*.  Nor must a complaint allege with precision all the elements of a cause of action.  *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).  But neither is a conclusory recitation of the elements of a cause of action alone sufficient.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id*. at 557.  The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible."  *Id*. at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id*. at 678-79.

II

The first amended complaint includes a long recitation of facts, conclusions, and legal arguments.  The essential factual allegations are these: the Maker's Mark label says the bourbon is "handmade"; the plaintiffs bought bottles of Maker's Mark because of this statement; Maker's Mark is not made by hand but is instead manufactured with large machines in a highly mechanized process.

Based on these allegations, the plaintiffs—two individuals who bought bottles of Maker's Mark at local liquor stores—seek to represent a class of all Florida retail purchases of Maker's Mark. They seek to enjoin the defendants' use of the term "handmade" and to recover compensatory and punitive damages. The plaintiffs put compensatory damages at the full price paid for Maker's Mark.

The first amended complaint asserts seven claims: violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.204; false advertising in violation of Florida Statutes § 817.41; bait-and-switch advertising in violation of Florida Statutes § 817.44; breach of express warranty; breach of implied warranty; negligence; and unjust enrichment.

The defendants are Beam Suntory Inc. and Maker's Mark Distillery, Inc. They have moved to dismiss all the claims. At oral argument on the motion, the plaintiffs abandoned their bait-and-switch and implied-warranty claims and narrowed their negligence claim to a claim of negligent misrepresentation.

III

All the claims depend on the assertion that the label's "handmade" statement is false or misleading. As the plaintiffs correctly assert, whether a statement is false or misleading is ordinarily a question of fact. But if a reasonable juror could not find a statement false or misleading—if a complaint's factual allegations do not "render plaintiffs' entitlement to relief plausible," *Twombly*, 550 U.S. at 569

n.14—then a motion to dismiss for failure to state a claim should be granted. The Eleventh Circuit so held in *Kuenzig v. Hormel Foods Corp.*, 505 Fed. App'x 937 (11th Cir. 2013) (alternative holding), affirming the dismissal of false-labeling claims because the challenged labels were not false or misleading.

The term "handmade" goes back many years. The original meaning was "distinguished from the work of nature." *Oxford English Dictionary* 1251 (9th ed. 1971). In that sense all bourbon is handmade; bourbon, unlike coffee or orange juice, cannot be grown in the wild.

But the term "handmade" is no longer used in that sense. The same dictionary now gives a circular definition: "handmade" means "[m]ade by hand." *Id*. But the term obviously cannot be used literally to describe bourbon. One can knit a sweater by hand, but one cannot make bourbon by hand. Or at least, one cannot make bourbon by hand at the volume required for a nationally marketed brand like Maker's Mark. No reasonable consumer could believe otherwise.

Understandably, then, the plaintiffs have not asserted that "handmade," in this context, means literally made by hand. They have offered other possible meanings, including made from scratch or in small units. But the defendants say they make their bourbon from scratch and in small units. The plaintiffs have alleged no contrary facts. Indeed, the label says each batch of Maker's Mark

consists of no more than 19 barrels—a representation the plaintiffs have not challenged.

The plaintiffs suggest "handmade" implies close attention by a human being, not a high-volume, untended process. But the defendants say their human beings pay close attention and that, while they produce a large volume of bourbon, they do it in small, carefully tended batches. Again, the plaintiffs have alleged no contrary facts. The plaintiffs have not alleged, and could not plausibly allege, they were unaware that Maker's Mark is mass marketed nationwide.

The plaintiffs suggest "handmade" means made with only some kinds of machines, not others. Thus the plaintiffs suggest the defendants use machines that are too big or too modern. One might wonder who benefits from small or old machines, but leaving that aside, it is hard to take from the word "handmade" a representation about the age, or even the size, of equipment used in the process.

Finally, the plaintiffs say "handmade" connotes greater value and trades on the current fashion that also brought us craft beer. One might question how the defendants knew when they adopted this term decades ago that this trend was coming. And one might question whether bourbon drinkers really prefer an analog to craft beer, or whether one could really think Maker's Mark could fit in that category. But leaving this aside, a general, undefined statement that connotes greater value, detached from any factual representation, is not actionable. One

might as easily label a bourbon "smooth" or say it is made with the same skill and care as has been used for decades.

In sum, no reasonable person would understand "handmade" in this context to mean literally made by hand.  No reasonable person would understand "handmade" in this context to mean substantial equipment was not used.  If "handmade" means only made from scratch, or in small units, or in a carefully monitored process, then the plaintiffs have alleged no facts plausibly suggesting the statement is untrue.  If "handmade" is understood to mean something else— some ill-defined effort to glom onto a trend toward products like craft beer—the statement is the kind of puffery that cannot support claims of this kind.  In all events, the plaintiffs have not stated a claim on which relief can be granted.

## IV

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 19, is granted.  The first amended complaint is dismissed with prejudice.  The clerk must enter judgment and close the file.

SO ORDERED on May 1, 2015.

                                      s/Robert L. Hinkle
                                      United States District Judge